Sharon D. Cousineau
SAMWEL COUSINEAU, PC
700 West Evergreen Blvd.
Vancouver, WA 98660
Tel. 360-750-3789
Fax 360-750-3788
sdcousineau@gmail.com
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PENDLETON DIVISION**

| | |
|---|---|
| ERIN NUTT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:19-cv-1560 |
| ) | |
| COLLECTO, INC. d/b/a EOS CCA, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFFS' COMPLAINT**

Plaintiff, ERIN NUTT ("Plaintiff"), by and through her attorney, Sharon D. Cousineau, alleges the following against Defendant, COLLECTO, INC. d/b/a EOS CCA ("Defendant"):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

2. Count II of Plaintiff's Complaint is based on the Oregon Unlawful Debt Collection Practices Act, ORS 646.639 ("UDCPA").

**JURISDICTION AND VENUE**

3. This court has jurisdiction under 28 U.S.C. §§ 1331, 1337, and 15 U.S.C. § 1692k (FDCPA).

4. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such

actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

5. 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state claim contained within because it is so related to the claim in the action within such original jurisdiction that it forms part of the same case or controversy

6. Venue and personal jurisdiction in this district are proper because Defendant does or transacts business within this district, and a material portion of the events at issue occurred in this district.

## PARTIES

7. Plaintiff is a natural person residing in the City of Hermiston, Umatilla County, State of Oregon.

8. Plaintiff is a consumer as that term is defined by 15 U.S.C. §§ 1692a(3) and 1692c(d).

9. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. § 1692a(5).

10. Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6).

11. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

12. Defendant is a Massachusetts limited liability company and national debt collection agency headquartered in the City of Norwell, Plymouth County, Commonwealth of Massachusetts.

13. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

14. When an unpaid, outstanding account is placed with Defendant it is assigned a reference number.

15. The principal purpose of Defendant's business is the collection of debts allegedly owed to

third parties.

16. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

17. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

18. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

19. Defendant is attempting to collect a consumer debt from Plaintiff, allegedly owed by Plaintiff's husband, Joshua Nutt for a Dish Network account ("Account").

20. At all times relevant hereto, Plaintiff was married to Joshua Nutt.

21. The alleged debt at issue arises from transactions for personal, family, and household purposes.

22. On June 18, 2019, Defendant placed a collection call to Plaintiff's husband on his cellphone number at 346-831-3570 in an attempt to collect the alleged debt—which ended up as a missed call.

23. Defendant calls Plaintiff from 877-839-0927, which is one of Defendant's telephone numbers.

24. Plaintiff promptly returned Defendant's call.

25. During the above-referenced call:

    a. Plaintiff told Defendant's collector that Plaintiff and her husband needed to set up payment arrangements for the delinquent Account and that Plaintiff and her

      husband did not want to be called anymore on either of their telephone numbers of 346-831-3570 and 346-224-1820;

    b. Defendant's collector told Plaintiff that Plaintiff was neither authorized to discuss the Account nor to tell Defendant to stop calling Plaintiff and her husband;

    c. Plaintiff inquired whether Defendant's collector was refusing to take a payment; and

    d. Defendant's collector hung up on Plaintiff.

26. Plaintiff is authorized both in fact and in law to discuss the Account on behalf of her husband and to request for telephone calls to stop.

27. Despite being told to stop calling Plaintiff and her husband, Defendant continued to call Plaintiff and her husband.

28. On June 19, 2019, Plaintiff and her husband received another missed call from Defendant at Plaintiff's husband's 346-831-3570 cellular telephone number.

29. Again, Plaintiff promptly returned Defendant's call.

30. During the above-referenced call:

    a. Plaintiff spoke to Defendant's collector, Paige;

    b. Paige allowed Plaintiff to setup payment arrangements for the delinquent Account, with the first payment to be withdrawn on that date and for the future payments to be withdrawn automatically once per month until paid-in-full; and

    c. Plaintiff reaffirmed that both she and her husband do not want to be called by Defendant.

31. Despite being told to stop calling Plaintiff and her husband, Defendant continued to call Plaintiff and her husband.

32. On June 20, 2019, Plaintiff and her husband received calls from Defendant at both their 346-831-3570 and 346-224-1820 cellular telephone numbers.

33. On June 26, 2019, Plaintiff answered a collection call from Defendant at her 346-224-1820 cellular telephone number.

34. During the above-referenced call:

    a. Plaintiff spoke to Defendant's collector, Julissa;

    b. Julissa refused to discuss the Account with Plaintiff;

    c. Plaintiff reminded Julissa that Plaintiff and her husband already had payment arrangements in place and that Defendant has been told to stop calling Plaintiff and her husband; and

    d. Julissa yelled something at Plaintiff and hung up on Plaintiff.

35. Immediately after being hung up on by Julissa, Plaintiff called Defendant back. As a result, Defendant answered the call then immediately hung up on Plaintiff.

36. Immediately thereafter, Plaintiff called Defendant back. Again, as a result, Defendant answered the call then immediately hung up on Plaintiff.

37. Immediately after that, Plaintiff called Defendant back and asked to be connected to Julissa's supervisor.

38. During the above-referenced call:

    a. Paige, who answered Plaintiff's call advised Plaintiff that she was Julissa's supervisor;

    b. Plaintiff explained to Paige that she found it very rude that Julissa repeatedly hung up on Plaintiff;

    c. Paige transferred Plaintiff's call to Dish Network; and

  d. Plaintiff spoke to a Dish Network representative, who explained to Plaintiff that Plaintiff would not receive any more collection calls, but could not access Defendant's notes because it is a third-party retained by Defendant.

39. Again, despite speaking to Paige, someone holding a managerial position with Defendant, and speaking to someone at Dish Network, Defendant still continued to call Plaintiff and her husband.

40. On July 6, 2019, Plaintiff received a collection call from Defendant on her cellular telephone number at 346-224-1820.

41. Upon Plaintiff answering the above-referenced collection call, Defendant's collector said nothing and hung up on Plaintiff.

42. Immediately after being hung up on by Defendant, Plaintiff called Defendant back. Plaintiff's call was answered by Paige.

43. During the above-referenced call:

  a. Plaintiff sought to confirm exactly who was calling her and her husband and asked for the name of the company Paige worked for because Defendant's collectors always state that they are calling "*on behalf of* Dish";

  b. Paige responded that she was calling from "EOS";

  c. Plaintiff asked for the address of EOS;

  d. Paige refused to provide the address;

  e. Plaintiff asked if EOS, was the same as EOS CCA;

  f. Paige put Plaintiff on hold;

  g. Paige came back on to the call and confirmed that she was calling from EOS CCA; and

    h.  Plaintiff told Paige that Defendant had been repeatedly told to stop calling Plaintiff and her husband and that Plaintiff would now retain an attorney.

44. The natural consequences of Defendant's actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

45. The natural consequences of Defendant's actions was to cause Plaintiff mental distress.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

46. Plaintiff fully incorporates and re-alleges paragraphs one (1) through forty-five (45) as if fully set forth herein under Count I of Plaintiff's Complaint.

47. Defendant violated the FDCPA based on the following:

    a.  Defendant violated § 1692d of the FDCPA by engaging in conduct that the natural consequence of which was to harass, oppress, and abuse in connection with the collection of an alleged debt when Defendant—at least—continued to call Plaintiff and her husband after Defendant was repeatedly told not to;

    b.  Defendant violated § 1692d(5) of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff when Defendant continued to call Plaintiff and her husband after Defendant was repeatedly told not to;

    c.  Defendant violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Defendant—at least—created the false impression on Plaintiff that Defendant was permitted by law to continue to call Plaintiff and her husband with impunity despite Defendant being told multiple times to stop calling Plaintiff and her husband;

    d. Defendant further violated § 1692e of the FDCPA when Defendant made false representations regarding Plaintiff's authorization to communicate with Defendant in connection with the Account and request for calls to stop;

    e. Defendant violated § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt when Defendant—at least—created the false impression on Plaintiff that Defendant was permitted by law to continue to call Plaintiff and her husband with impunity despite Defendant being told multiple times to stop calling Plaintiff and her husband;

    f. Defendant further violated § 1692e(10) of the FDCPA when Defendant made false representations regarding Plaintiff's authorization to communicate with Defendant in connection with the Account and request for calls to stop;

    g. Defendant violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt when Defendant engaged in each of the foregoing violations.

WHEREFORE, Plaintiff, ERIN NUTT, respectfully requests judgment be entered against Defendant, COLLECTO, INC. d/b/a EOS CCA, for the following:

48. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

49. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

50. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE OREGON UNLAWFUL DEBT COLLECTION PRACTICES ACT

51. Plaintiff fully incorporates and re-alleges paragraphs one (1) through forty-five (45) as if fully set forth herein under Count II of Plaintiff's Complaint.

52. Defendant violated the UDCPA based on the following:

    a. Defendant violated 646.639(2)(e) of the UDCPA by communicating with a debtor or any member of the debtor's family repeatedly or continuously or at times known to be inconvenient to the debtor or any member of the debtor's family and with intent to harass or annoy the debtor or any member of the debtor's family when Defendant continued to call Plaintiff and her husband after Defendant was repeatedly told not to.

WHEREFORE, Plaintiff, ERIN NUTT, respectfully requests judgment be entered against Defendant, COLLECTO, INC. d/b/a EOS CCA for the following:

53. Statutory damages of $200.00 pursuant to the Oregon Unlawful Debt Collection Practices Act, 646.638(1);

54. Costs and reasonable attorneys' fees pursuant to the Oregon Unlawful Debt Collection Practices Act, 646.638(3); and

55. Any other relief that this Honorable Court deems appropriate.

DATED:  September 30, 2019

                                              Respectfully submitted,

                                 By:  /s/Sharon D. Cousineau
                                        Sharon D. Cousineau
                                        SAMWEL COUSINEAU, PC
                                        700 West Evergreen Blvd.
                                        Vancouver, WA 98660
                                        Tel. 360-750-3789
                                        Fax 360-750-3788
                                        sdcousineau@gmail.com